**Michael L. DOYLE, Plaintiff–Appellee,**

v.

**TRINITY SAVINGS AND LOAN ASSOCIATION, TSL Service Corporation, STM Mortgage Company, Defendants–Appellants,**

and

**Federal National Mortgage Association, Defendant.**

**Michael L. DOYLE, Plaintiff–Appellee,**

v.

**TRINITY SAVINGS AND LOAN ASSOCIATION, TSL Service Corporation, STM Mortgage Company, Defendants–Appellees,**

and

**Federal National Mortgage Association, Defendant–Appellant.**

**Nos. 86–2236, 86–2309.**

United States Court of Appeals, Tenth Circuit.

July 26, 1991.

Jack S. Dawson and Janice M. Dansby, Miller, Dollarhide, Dawson & Shaw, Oklahoma City, Okl., for plaintiff-appellee.

Linda G. Scoggins and Jeffrey H. Contreras, Spradling, Alpern, Friot & Gum, Oklahoma City, Okl., for defendant-appellant Federal Nat. Mortg. Ass'n.

Carl Hughes, Michael G. McGuire, and J.W. Coyle, III, Hughes & Nelson, Oklahoma City, Okl., for defendants-appellants Trinity Sav. & Loan Ass'n, TSL Service Corp., and STM Mortg. Co.

## OPINION ON REHEARING

Before MCKAY, BARRETT and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

In 1989, we affirmed judgments rendered in favor of Michael L. Doyle against Trinity Savings and Loan Association, now Bright Banc Savings Association,[1] against TSL Service Corporation and STM Mortgage Company, both now Bright Mortgage Company,[2] and against the Federal National Mortgage Association (FNMA). Doyle had sought damages and cancellation of a note and real estate mortgage because of fraudulent alteration of the note. *See Doyle v. Trinity Sav. & Loan Ass'n*, 869 F.2d 558 (10th Cir.1989). All parties petitioned for rehearing. In view of the grant of certiorari by the Oklahoma Supreme Court in *Goss v. Trinity Sav. & Loan Ass'n*, No. 67,298 (Okla.Ct.App.1988), a case on which we had directly relied, we abated this case pending the Oklahoma Supreme Court's decision in *Goss*. For the reasons set out below, we now deny the petition for rehearing of Trinity Savings, TSL, and STM, and we grant in part the petition of FNMA.

 Trinity Savings, TSL, and STM filed a joint petition for rehearing contending that we had incorrectly held the alteration of the note to be material. In *Goss v. Trinity Sav. & Loan Ass'n*, 813 P.2d 492, 62 Okla. Bar J. 790, 792 (Okla.S.Ct.1991), the Oklahoma Supreme Court settled this issue by declaring an analogous note alteration to be material as a matter of law. We therefore deny the petition for rehearing of these defendants.

FNMA filed a petition for rehearing generally condemning our reliance on the Oklahoma Court of Appeals decision in *Goss*. The recent Oklahoma Supreme Court deci-

sion in *Goss* reversed the appeals court conclusion that the variable interest rate in the note rendered the note nonnegotiable. *See Goss*, 813 P.2d at 499, 62 Okla. Bar J. at 793-95. Because the note in *Goss* was declared negotiable under Oklahoma law, FNMA would be a holder in due course, entitled to enforce the note despite the unauthorized alteration of the note, if it could establish that it took the note without notice of the defect. *See* Okla.Stat. tit. 12A, §§ 3-302(1), 3-305 (1981); *see also Goss*, 813 P.2d 499-500, 62 Okla. Bar J. at 793, 795-96. The court therefore remanded the case to enable the trial court to determine whether FNMA lacked notice of the unauthorized alteration.

 *Goss* controls our opinion on rehearing. We thus hold that the variable interest rate note in our case was negotiable. We decline Doyle's invitation to further hold that FNMA had notice of the alteration as a matter of law, and we remand for the trial court to make that determination in accordance with the opinion in *Goss*, 813 P.2d at 500-01, 62 Okla. Bar J. at 796, as amended on rehearing, 62 Okla. Bar J. 1779 (Okla.S.Ct.1991).

---

1. We grant the motion of Resolution Trust Corporation, as receiver for Bright Banc, to substitute it as defendant in place of Trinity Savings.

2. We grant the motion for Bright Mortgage Company, as successor by name change and merger to TSL and STM, to substitute it as real party in interest in place of TSL and STM.